ERIC GRANT
United States Attorney
ADRIAN T. KINSELLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:25-CR-00269-DC |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [~~PROPOSED~~] FINDINGS AND ORDER |
| v. | |
| MARQUESE ALVIN ROBERTS, | DATE: January 16, 2026 |
| Defendant. | TIME: 9:30 a.m. COURT: Hon. Dena Coggins |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.    By previous order, this matter was set for status on January 16, 2026.  ECF No. 10.  Time has been excluded until this date. *Id*.

2.    The related case is set for an Admit/Deny hearing on January 16, 2025.  2:18-CR-00018-DC, ECF No. 85.

3.    By this stipulation, defendant now moves to reset the status conference for February 27, 2026, and to exclude time between January 16, 2026, and February 27, 2026, under Local Code T4.

4.    The parties agree and stipulate, and request that the Court find the following:

a)    The government has represented that the discovery associated with this case includes CHP helicopter footage, body camera footage, reports, a forensic cellular phone

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

extraction, and other evidence.  All of this discovery is in the process of been either produced directly to counsel and/or made available for inspection and copying.  Additionally, the parties are working on a protective order so that the government may produce some of this discovery directly to Counsel for defendant, as opposed to requiring Counsel for defendant to review sensitive discovery at the U.S. Attorney's Office.

b)       Counsel for defendant desires additional time consult with his client, to review the current charge, to conduct investigation and research related to the charge, to review and copy discovery for this matter, to discuss potential resolutions with his client, to prepare pretrial motions, and to otherwise prepare for trial.

c)       Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)       The government does not object to the continuance.

e)       Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)       For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 16, 2026 to February 27, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

//

//

/

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

5.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  January 14, 2026                              ERIC GRANT
                                                      United States Attorney


                                                      */s/ ADRIAN T. KINSELLA*
                                                      ADRIAN T. KINSELLA
                                                      Assistant United States Attorney


Dated:  January 14, 2026                              */s/ MARK REICHEL*
                                                      MARK REICHEL
                                                      Counsel for Defendant
                                                      MARQUESE ALVIN ROBERTS

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

**ORDER**

IT IS HEREBY ORDERED, the court, having received, read and considered the parties' stipulation filed on January 14, 2026 (Doc. No. 12), and good cause appearing therefrom, APPROVES the parties' stipulation.  Accordingly, the Status Conference scheduled for January 16, 2026, is VACATED and RESET for February 27, 2026 at 9:30 a.m. in Courtroom 10 before the Honorable Dena M. Coggins. The time period between January 16, 2026 and February 27, 2026, inclusive, is excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), and B(iv) [Local Code T4], as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendants in a speedy trial.

IT IS SO ORDERED.

Dated:    **January 15, 2026**    _____

Dena Coggins
United States District Judge

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4