ERIC GRANT
United States Attorney
ADRIAN T. KINSELLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>MARQUESE ALVIN ROBERTS,<br><br>　　　　　　　　　　Defendant. | CASE NO. 2:25-CR-00269-DC<br><br>STIPULATION AND PROTECTIVE ORDER RE: DISSEMINATION OF DISCOVERY DOCUMENT AND/OR INFORMATION SUBJECT TO A PROTECTIVE ORDER |

**STIPULATION**

IT IS HEREBY STIPULATED AND AGREED among the parties and their respective counsel, as follows:

1.　　　This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and its general supervisory authority.

2.　　　This Order pertains to body worn camera footage and 911 calls that may be unrelated to the instant case (hereafter, collectively known as "the protected discovery") and contain footage and recordings of third party witnesses and victims. These documents have previously been made available to the defense for review in the United States Attorney's Office. This Order would allow for these items to be transmitted to defense counsel.

3.　　　The government has represented that the protected discovery in this matter contains personal identifying information of witnesses, victims, and other third parties. This

STIPULATION AND PROTECTIVE ORDER　　　　　　1

protected discovery includes body camera recordings and audio recordings of potentially unrelated police contacts with third parties, such that redaction is not reasonably feasible. The defense has requested access to these documents without having to view them in the United States Attorney's Office.

4. The parties request the Court's order in this matter because the sensitivity of third-parties' personal identifying information and other data discussed here requires special protection.

5. Defense counsel shall not disclose any of the protected discovery to any person and/or entity, the defendant/client, and/or witnesses that they may be interviewing and/or preparing for trial and/or attorneys, law clerks, paralegals, secretaries, experts, consultants and/or investigators involved in the representation of defense counsel's defendant/client in this case, with the following exception:

    a. If defense counsel releases custody of any of the protected discovery and/or information, and/or authorized copies thereof, to any person and/or entity described in paragraph 5, defense counsel shall provide such recipients with copies of this Order and advise that person that the discovery is the property of the United States Government, that the protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose, and that an unauthorized use of the discovery may constitute a violation of law and/or contempt of court.

6. The discovery and/or information therein may only be used in connection with the litigation of this case and for no other purpose. The protected discovery is now and will forever remain the property of the United States Government. Defense counsel will return the protected discovery to the Government or certify that it has been shredded and/or deleted at the conclusion of the case, except that Defense counsel may keep one copy for its own files, subject to the security restrictions stated in this document.

7. Defense counsel will store the protected discovery in a secure place and will use reasonable care to ensure that it is not disclosed to any other persons in violation of this agreement.

STIPULATION AND PROTECTIVE ORDER      2

8.  If defense counsel makes, or causes to be made, any further copies of any of the protected discovery, defense counsel will inscribe the following notation on each copy: "U.S. Government Property; May Not be Used Without U.S. Government Permission."

9.  Protected discovery materials, while in the custody and control of the defense attorney, may be reviewed by the defendant represented by a defense attorney, licensed investigators employed by the defense attorney, and any other individuals deemed necessary by the defense attorney.  Defendants are prohibited from copying the materials or maintaining personal copies of any such materials and shall be prohibited from transporting any of these materials to their cellblocks, if applicable.

10. Defense counsel shall be responsible for advising their defendant/client, employees and other members of the defense team and defense witnesses of the contents of this Stipulation and Order.

IT IS SO STIPULATED.

Dated:  January 14, 2026

ERIC GRANT
United States Attorney

/s/ Adrian T. Kinsella
ADRIAN T. KINSELLA
Assistant United States Attorney

Dated:  January 14, 2026

/s/ MARK REICHEL
MARK REICHEL
Counsel for Defendant
MARQUESE ALVIN ROBERTS

## ORDER

For good cause shown, the stipulation of counsel in criminal case number 2:25-CR-00269-DC is approved and

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: _January 15, 2026

THE HONORABLE CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

STIPULATION AND PROTECTIVE ORDER            3