UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:25-cr-00269-DC-1 |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS |
| MARQUESE ALVIN ROBERTS, | (Doc. No. 19) |
| Defendant. | |

This matter came before the court on March 27, 2026, for a hearing on Defendant Marquese Alvin Roberts's motion to suppress all evidence obtained from an alleged search conducted by a California Highway Patrol ("CHP") helicopter. (Doc. No. 19.) Attorney Mark Reichel appeared on behalf of Defendant. Assistant United States Attorney Adrian Kinsella appeared on behalf of the Government. For the reasons explained below, the court will deny Defendant's motion to suppress.

**BACKGROUND**

On November 20, 2025, the Government filed an indictment against Defendant charging him with a single count of felon in possession of a firearm in violation of 18 U.S.C. § 924(d)(1). (Doc. No. 1 at 1–2.)

On February 27, 2026, Defendant filed the pending motion to suppress. (Doc. No. 19.) In

1

the pending motion, Defendant alleges[1] that he was detained after a CHP helicopter equipped with a Forward Looking Infrared ("FLIR") camera observed him removing a firearm from a vehicle parked in the driveway of a home where Defendant was not a resident, running down the street, then hiding the firearm in a neighbor's hedge. (Doc. Nos. 19 at 2–3; 19-1 at 1.) The helicopter located Defendant after police responding to a nearby drive-by shooting reported a Dodge Magnum leaving the scene of the crime at a high rate of speed. (Doc. Nos. 19 at 2; 19-1 at 2.) The helicopter located the subject Dodge Magnum on Wendy Way, a public road in Vallejo, California. (*Id.*) The vehicle was registered to a nearby home at 228 Jill Lane, Vallejo, CA 94589 ("228 Jill Lane"). (Doc. Nos. 19 at 3; 19-1 at 3; 20 at 2.) The helicopter proceeded to 228 Jill Lane, where it observed Defendant digging through a vehicle, then running southbound on Jill Lane. (Doc. No. 19 at 3; 19-1 at 3.) Defendant then stuffed an object into a hedge near 208 Jill Lane. (*Id.*) The CHP officer operating the helicopter informed American Canyon Police Department officers of his observations; those officers then located a firearm in the hedge where Defendant was digging, and a firearm magazine in the vehicle. (Doc. No. 19-1 at 3.) Responding officers arrested Defendant shortly thereafter. (Doc. No. 19 at 3.)

On March 12, 2026, the Government filed its opposition to Defendant's pending motion in which it argues that Defendant's motion should be denied for four reasons: (1) Defendant lacks standing to challenge the alleged search of 228 Jill Lane, where he did not reside; (2) the CHP helicopter observed Petitioner from lawful airspace, therefore no search took place; (3) the use of the FLIR camera did not render the CHP helicopter's lawful observation of Defendant's behavior in the driveway a search; and (4) even if a search did occur, exigent circumstances permitted the search. (Doc. No. 20 at 5–9.)

On March 27, 2026, the court held a hearing on Defendant's pending motion. (Doc. No. 22.) At the hearing, the court requested that the Government lodge the video from the CHP helicopter, along with enlarged copies of maps and images provided by the Government in its

---

[1] Defendant's allegations are largely drawn from a narrative drafted by CHP officer M. Burns, which Defendant filed together with the pending motion. (Doc. No. 19-1.)

opposition, for the court's review. (*Id.*) On that same day, the Government lodged the video and images as directed. (Doc. Nos. 23, 24.) The court has reviewed that supplemental material.

**LEGAL STANDARD**

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. Amend. IV. A defendant subjected to a warrantless search and seizure that does not comport with his Fourth Amendment rights may move to suppress the unlawfully obtained evidence at trial. Fed. R. Crim. P. 41(h). Unless an exception applies, any unlawfully obtained evidence cannot be introduced at trial against the person whose Fourth Amendment rights were violated. *USA v. Bohannon*, 506 F. Supp. 3d 907, 912-13 (N.D. Cal. 2020) (citing *Mapp v. Ohio*, 367 U.S. 643, 655 (1961)).

Generally, upon a defendant's motion, the Government bears the burden of showing, by a preponderance of evidence, that a warrantless search falls within one of the delineated exceptions to the warrant requirement. *United States v. Chong*, No. 15-cr-00176-AB, 2015 WL 5156438, at *3 (C.D. Cal. Sep. 2, 2015) (citing *United States v. Huguez-Ibarra*, 954 F.2d 546, 551 (9th Cir. 1992)). The defendant, however, bears the burden of demonstrating that he has standing to bring a motion to suppress. *Id.* To establish standing, the defendant must show that he "had a 'legitimate expectation of privacy' in the place searched or in the property seized." *Id.* (quoting *United States v. Kovac*, 795 F.2d 1509, 1510 (9th Cir. 1986)). A legitimate expectation of privacy exists where (1) the defendant "exhibited an actual, subjective expectation of privacy, and more importantly"; (2) the defendant's "subjective expectation of privacy was 'one that society is prepared to accept as reasonable and therefore, legitimate.'" *Id.*

**ANALYSIS**

**A.    Standing**

Defendant contends that he has standing to challenge his alleged search by the CHP helicopter at 228 Jill Lane because the "Supreme Court and the Ninth Circuit have held that an overnight guest has standing to challenge the search of a host's home." (Doc. No. 19 at 3) (citing *Minnesota v. Olson*, 495 U.S. 91, 96–97 (1990). Defendant alleges that at the time of the alleged

3

search, he "was legally present at the home of a friend, with their permission, in the driveway, committing no crime." (*Id.*) The Government argues that Defendant's "bald assertion that [he was] an overnight guest is insufficient to establish a legitimate expectation of privacy." (Doc. No. 20 at 5–6.)

The Government's argument is persuasive. Although Defendant asserts that an overnight guest has standing to challenge the search of his host's home, he never actually alleges that he stayed overnight at 228 Jill Lane, only that he was legally present in the driveway of that home, with the owner's permission. (Doc. No. 19 at 3.) Indeed, Defendant does not provide any evidence demonstrating that he ever entered the threshold of the home.

In *United States v. Armenta*, 69 F.3d 304 (9th Cir. 1995), the Ninth Circuit found that a defendant failed to meet his burden of establishing standing as an overnight guest where the defendant provided substantially more evidence of his overnight stay than Defendant presents here. There, the defendant provided his own sworn declaration that he was an overnight guest at the subject house, the defendant's belongings were found inside the house, defendant's attorney attested that the homeowner would testify that the defendant "was a guest at the [] house and had run of the house," and the arresting officer testified that the defendant had spent the night inside the house. *Armenta*, 69 F.3d 304 at 308. Despite this, the court found that the evidence was "not sufficient to establish that [the defendant] had a legitimate expectation of privacy in the house" because "there [was] no identifiable 'host' who could or did give [the defendant] permission to stay at the [house]" and the defendant "had only a wallet and two other documents in the house, but no clothing or other indicia that he was even temporarily living or staying there." *Id.* at 308–09. Further, the court noted that the defendant "took no precautions to ensure his own privacy in the house" such that his "situation [did] not suggest an 'overnight guest' of the sort recognized by this court . . ., *i.e.*, one who is in the owner's home 'with the permission of his host,' and one who is engaging in a 'longstanding social custom that serves functions recognized as valuable by society.'" *Id.* at 309 (quoting *Minnesota v. Olson*, 495 U.S. 91, 98–99 (1990)).

Here, there is no indication that Defendant ever entered the subject home, let alone took any precautions to ensure his own privacy there. Thus, Defendant has not established that he had

4

a legitimate expectation of privacy in the unidentified third party's home at 228 Jill Lane.

Further, assuming arguendo that Petitioner *did* maintain such a privacy interest in the home, that does not inherently mean that his expectation of privacy extended to the driveway where he was observed by the helicopter. Petitioner argues that the alleged search in the driveway "constituted an intrusion upon an area preserved as private even though that area might also be open to the public." (Doc. No. 19 at 4.) However, the Supreme Court's opinion in *Florida v. Riley*, 488 U.S. 445 (1989) precludes that argument. In *Riley*, the Supreme Court addressed whether warrantless observation of marijuana grown in a greenhouse located on the defendant's property by a helicopter flown approximately 400 feet over the greenhouse constituted a Fourth Amendment search. *Id.* The Court, noting that the defendant "no doubt intended and expected that his greenhouse would not be open to public inspection" due to his "precautions against ground-level observation," nonetheless found that the defendant "could not reasonably have expected that his greenhouse was protected from public or official observation from a helicopter had it been flying within the navigable airspace for fixed-wing aircraft" because of gaps in the ceiling of the greenhouse. *Riley*, 488 U.S. at 451. Here, the photographs submitted by the Government show that the view of the driveway at 228 Jill Lane was unobstructed from both the public sidewalk and from the helicopter's vantage point above. (Doc. No. 23-2 at 2–5.) While Defendant argues that the helicopter was flown unlawfully low, neither party disputes, and the evidence corroborates, that its altitude never dropped below 1,000 feet. (*Id.*) That is the minimum altitude for any fixed-wing aircraft to be flown over the congested area of a city. (Doc. No. 19 at 7) (citing 14 C.F.R. 91.119). Further, FAA regulations allow helicopters to fly below that altitude. (*Id.*) While Defendant contends that if the helicopter had experienced a power failure while flying at that altitude it could not have safely landed as required by FAA regulations, he presents no evidence beyond conjecture supporting this assertion. (Doc. No. 19 at 7.) Thus, he does not meet his burden of establishing that he had a legitimate expectation of privacy in the uncovered and unobstructed driveway.

Petitioner has not established that he had a legitimate expectation of privacy in the curtilage of the home at 228 Jill Lane because he presents no evidence demonstrating that he was

an overnight guest there such that he maintained a subjective expectation of privacy in the home nor that the owner of the home took any steps to maintain the privacy of the driveway from aircraft lawfully flown above, or from any member of the public passing by. Accordingly, the court finds that Defendant lacks standing to challenge the alleged search, and the court will deny Defendant's motion to suppress.

## CONCLUSION

For the reasons explained above:

1.      Defendant's motion to suppress (Doc. No. 19) is DENIED.

IT IS SO ORDERED.

Dated:    **April 6, 2026**                            _____

Dena Coggins
United States District Judge